AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Middle District of Louisiana

| | |
|---|---|
| United States of America<br>v.<br><br>**DEWAYNE WEBB** | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

14- 29-SCR

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 10, 2014 _____ in the county of ___ East Baton Rouge Parish ___ in the

___ Middle ___ District of ____ Louisiana ____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846<br>21 U.S.C. § 841(a)(1) | Conspiracy<br>Possession with Intent to Distribute 500 Grams or More of Cocaine |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Brad Bennett, Task Force Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 06/11/2014 _____

_____
*Judge's signature*

City and state: _____ Baton Rouge, Louisiana _____

Stephen C. Riedlinger, Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

STATE OF LOUISIANA
PARISH of EAST BATON ROUGE

BEFORE ME, the undersigned authority, personally came and appeared Brad A. Bennett, a Task Force Agent of the Drug Enforcement Administration (DEA), who after being duly sworn, stated the following information to the best of his knowledge and belief:

1.

I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I am a narcotics detective with the Baton Rouge City Police Department (BRPD) employed since August 31, 2009, and have been assigned to the Narcotics Division since March 2014. I am currently assigned to the Drug Enforcement Administration (DEA), Baton Rouge Resident Office (BRRO), since March 18, 2014.  During the course of my employment with the Baton Rouge Police Department, I have participated in numerous drug trafficking investigations, which have led to felony arrests, and the seizure of controlled substances and/or U.S Currency.

2.

The following information is based upon your affiant's personal knowledge, as well as information and reports from agents and officers assisting your affiant in this investigation.  It does not contain every fact known to me; rather, I have only included facts necessary for determining probable cause.

3.

On June 10, 2014, members of the HIDTA Interdiction Task Force including TFA Brad Bennett, TFA Luke Cowart and Brad Bickham were present at the Megabus Terminal, located in the 300 block of Florida Street Baton Rouge, Louisiana.

4.

At approximately 9:02 p.m., a Megabus, bearing Illinois license plate P771212, arrived at the terminal from San Antonio, Texas, after making a stop in Houston, TX. Numerous drug investigations and prosecutions have revealed Houston, TX as a well-known narcotic trafficking distribution hub and I-10 as a common route and means of narcotics trafficking. Upon arrival, the bus driver exited the bus and contacted Task Force Agents, advising them that he/she suspected large quantities of narcotics were being transported aboard the bus. The driver of the bus further requested that Task Force Agents "check it" when referring to the bus.

5.

Task Force Agents first searched the luggage compartment underneath the passenger compartment of the bus using a USPCA certified K-9. Task Force Agents reached negative results during the search of the luggage compartment. Task Force Agents then boarded the bus and advised all passengers that they were going to conduct random, consensual, search of persons and/or bags in an attempt to interdict any narcotics or other contraband. At that time, TFA Bickham further advised all passengers that they were not required to participate in the search and were free to leave or exit the bus.

2

6.

After the announcement by TFA Bickham was completed, all passengers remained on the bus. Task Force Agents then began the consensual search of the bus. During the search, Your Affiant contacted Dewayne WEBB, and asked him, "Can I search your bag?" WEBB replied, "Yes" and handed Your Affiant a black book sack which was located on his lap.

7.

After receiving verbal consent from WEBB, your Affiant began searching the black book sack and located six (6) vacuum sealed wrapped kilograms of cocaine "bricks" totaling approximately 6.6 kilograms (14.5 pounds) of cocaine within the sack.

8.

Your Affiant advised WEBB of his rights per Miranda orally, which WEBB acknowledged and stated he understood. During questioning WEBB advised your Affiant that the six packages located in his book sack each contained cocaine. WEBB further advised he obtained the cocaine in Houston, TX from an individual by the name of "Johnny".

3

9.

Based on the facts and circumstances outlined in the above Affidavit, I believe

probable cause exists that Dewayne WEBB has intentionally and knowingly combined,

conspired, confederated and agreed with others both known and unknown, to possess in

excess of 500 grams of cocaine with the intent to distribute in violation of Title 21, United

States Code, Section 846 and 841 (a) (1), 841 (b) (1) (B) (ii ).

I declare that the above information is true and correct to the best of my knowledge.

BRAD BENNETT, Task Force Agent
Drug Enforcement Administration

Subscribed and sworn to before me in my presence, this //ᵗʰ day of June, 2014.

STEPHEN C. RIEDLINGER
United States Magistrate Judge
Middle District of Louisiana

4